BOWEN v. MT. WASHINGTON RAILWAY & a.

The authority to pledge or alienate the property of a railroad corporation is vested in the board of directors as the general agents of the corporation, and a sale by the superintendent, unauthorized by the directors, passes no title.

BILL IN EQUITY, to determine the title to two shares of the stock of the Mt. Washington Railway, formerly the property of the Nashua, Acton & Boston Railroad. The plaintiff claims the stock by virtue of a contract with the superintendent of the Nashua, Acton & Boston Railroad, and the defendant Moulton claims to hold it as an attaching creditor of that road. The facts found by a referee appear in the opinion.

*Burleigh & Adams*, for the plaintiff.

*Jewell & Stone*, for the defendant Moulton.

*Barnard & Barnard*, for the Mt. Washington Railway.

CLARK, J. The plaintiff, formerly directors' clerk and cashier of the Nashua, Acton & Boston Railroad, left the employ of the corporation in June, 1873, there being then due him for services a sum exceeding $500. In January, 1874, he discovered that he had in his possession a certificate of two shares of stock of the Mt. Washington Railway Company belonging to the Nashua, Acton & Boston Railroad, and transferred in blank by E. H. Spalding. January 7, 1874, the treasurer of the Nashua, Acton & Boston Railroad wrote to the plaintiff as follows: "By request of Mr. J. C. Moulton I shall have to ask you to return to this office the cert. of Mt. Washington R. R. stock. Enclosed you will find my receipt." J. C. Moulton was then a director and one of the board of managers of the Acton road. Soon after receiving this letter the plaintiff called on the treasurer of the Acton road and asked him to let him sell the stock and apply the proceeds to his claim. The treasurer replied that he had no objection, but that he had no authority to agree to this. The plaintiff then had an interview with the superintendent, to whom he narrated what had occurred. He then made the same request of the superintendent that he had before made of the treasurer. The superintendent assented, and told the plaintiff that he might keep the stock, or sell it and apply the proceeds to his claim. Before doing so he asked for and received a statement of the plaintiff's claim for services. The plaintiff then sought to have the stock transferred to him, having filled in his own name as the transferee. The Mt. Washington Railway Company at first declined to transfer on account of the

bankruptcy of Spalding, and afterwards on account of an attachment against the Acton road by the defendant Moulton, in which he claimed to hold the stock as the property of the Acton road.

Upon these facts the plaintiff has no valid title to the Mt. Washington stock as against a creditor of the Acton road. The superintendent of the Acton road had no authority to pledge or sell the stock, and the permission given by him to the plaintiff to keep the stock, or sell it and apply the proceeds to his claim, was unauthorized. The authority to pledge or alienate the property of a railroad corporation is vested in the directors as the general agents of the corporation. G. L., c. 148, s. 3. The argument, that the corporation is estopped to deny the authority of the superintendent in this transaction because he had been allowed to transact business usually done by directors, is met and answered by the fact that the plaintiff had previously been requested to return the certificate of stock to the treasurer of the corporation, at the suggestion of one of the directors and managers, and therefore the plaintiff knew that the superintendent had no authority to dispose of the stock, and there is no estoppel. And besides, if the authority of the superintendent was unquestioned, the transaction between him and the plaintiff did not constitute a sale of the stock. Nothing was paid by the plaintiff, no price was fixed, and no title passed.

*Decree for the defendants.*

CARPENTER J., did not sit: the others concurred.